IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EILEEN KULP,<br><br>    Plaintiff,<br><br>v.<br><br>ADVANTAGE CARE REHABILITATION<br><br>    Defendant. | CIVIL ACTION NO. 5:20-CV-03339-JMG |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS MOTION TO AMEND THE COMPLAINT**

        Respectfully submitted by:

        **LAW OFFICES OF ERIC A. SHORE, P.C.**

        BY:  /s/ Brian M. Doyle
        BRIAN M. DOYLE, ESQUIRE
        Two Penn Center
        1500 JFK Boulevard, Suite 1240
        Philadelphia, PA 19110

        Attorneys for Plaintiff, Eileen Kulp

Date Filed: 11/25/2020

**TABLE OF CONTENTS**

I.     Introduction and Procedural History............................................................................3

II.    Standard of Review and Legal Argument....................................................................3

III.   Conclusion...................................................................................................................4

I.   **Introduction and Procedural History.**

This case arises out of Plaintiff Eileen Kulp's employment relationship with Defendant AdvantageCare Rehabilitation. In Plaintiff's original Complaint filed on July 8, 2020 she alleged that she was wrongfully terminated by Defendant in violation of the Age Discrimination in Employment Act and the Pennsylvania Human Relations Act. *See* ECF 1 Defendant filed an Answer to Plaintiff's Complaint on October 5, 2020. *See* ECF 6. On October 16, 2020 this Court entered a Scheduling Order that set a deadline of November 16, 2020 to amend the Complaint and to join or add additional parties. *See* ECF 10. The Scheduling Order further specified that all fact and expert discovery shall be completed by February 12, 2012. *See* id.

In preparing Plaintiff's response to Defendant's First Set of Interrogatories and Document Requests, Plaintiff's counsel noticed that Defendant had not paid Plaintiff overtime for hours worked in excess of forty hours per week. Accordingly, Plaintiff avers that she has meritorious claims against Defendant for alleged violations of the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. 333.101, *et seq*. Accordingly, Plaintiff requests leave to file an Amended Complaint, attached hereto as Exhibit "A", that sets forth facts regarding Defendant's wrongful nonpayment of overtime, and three additional counts of relief pursuant to the FLSA, PWPCL, and PMWA.

II.   **Standard of Review**

   1. **Plaintiff Should be Granted Leave to Amend Her Complaint.**

Plaintiff files this Motion to Amend her Complaint to add additional factual allegations regarding Defendant's failure to pay her overtime, in violation of the Fair Labor Standards Act,

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a complaint when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a).  The Rule clearly states that "[t]he court should freely give leave when justice so requires." *Id*. Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir.1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Waterfront Renaissance Assoc. v. Phila.*, 701 F.Supp.2d 633, 639 (E.D.Pa.2010).  A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir.2000) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227).

Plaintiff respectfully submits this motion for leave seeking permission to amend her complaint to proceed at this time.  While Plaintiff is adding additional facts to her Complaint, those facts pertain to her employment with Defendant and are otherwise relevant to Plaintiff's claim for lost wages. At all times, Plaintiff has proceeded in this matter in a good faith manner, without undue delay or dilatory motive.  While the parties have served each other with written discovery requests, the discovery deadline is February 12, 2021 – which is sufficient time to conduct discovery regarding these additional allegations.  As such, Plaintiff requests this Honorable Court grant her leave to amend her complaint.

**I.      Conclusion.**

In light of the foregoing, Plaintiff respectfully requests this Honorable Court grant her motion and permit the Plaintiff amend her complaint.

                                         **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                         BY:  /s/ Brian M. Doyle
                                            **BRIAN M. DOYLE, ESQUIRE**
                                            Two Penn Center
                                            1500 JFK Boulevard, Suite 1240
                                            Philadelphia, PA 19110

                                            Attorneys for Plaintiff, Eileen Kulp

Date: November 25, 2020