# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EILEEN KULP : | |
|     Plaintiff, : | JURY DEMANDED |
| : | |
| v. : | |
| : | No. 5:20-cv-03339-JMG |
| ADVANTAGE CARE REHABILITATION : | |
|     Defendant : | |

## FIRST AMENDED COMPLAINT

**I. Parties and Reasons for Jurisdiction.**

1. Plaintiff, Eileen Kulp ("Kulp") is an adult individual residing at the above address.

2. Defendant, Advantage Care Rehabilitation ("Defendant") is a business corporation organized and existing under the laws of the Commonwealth of Pennsylvania and a business address as captioned above.

3. At all times material hereto, Defendant employed Kulp at its Bethlehem, PA location and qualified as Kulp's employer under the Age Discrimination in Employment Act ("ADEA"), Fair Labor Standards Act ("FLSA"), Pennsylvania Human Relations Act ("PHRA"), Pennsylvania Wage Payment and Collection Law ("PWPCL"), and the Pennsylvania Minimum Wage Act ("PMWA").

4. Eileen exhausted administrative remedies pursuant to the Equal Employment Opportunity Act and the Pennsylvania Human Relations Act.

5. This action is instituted pursuant to the Age Discrimination in Employment Act, the Pennsylvania Human Relations Act, the Fair Labor Standards Act, Pennsylvania Wage

Payment and Collection Law, Pennsylvania Minimum Wage Act, and applicable federal and state law.

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over the Kulp's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Kulp was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

## II. Operative Facts.

9. On or about November 1, 2013, Defendant hired Eileen Kulp to work as a Certified Occupational Therapy Assistant at its facilities in Philadelphia, PA.

10. Kulp was paid an hourly rate. Kulp was a non-exempt employee pursuant to the minimum wage and overtime requirements of the FLSA and PWPCL.

11. Kulp regularly worked over forty hours per week, but was not paid time and a half for hours worked in excess of forty hours.

12. For instance, Defendant failed to pay Kulp overtime for hours she worked in excess of forty hours for the following pay periods:

| Pay Period | Hours Worked | Hours of Overtime Paid | Hours Owed |
|---|---|---|---|
| 1/24/17 - 2/8/17 | 88.00 | 0.17 | 7.83 |
| 3/24/17 - 4/8/17 | 81.25 | 0.5 | .75 |
| 5/24/17 - 6/8/17 | 86.67 | .92 | 5.75 |

| | | | |
|---|---|---|---|
| 6/9/17 - 6/23/17 | 83.42 | 0.00 | 3.42 |
| 7/24/17 - 8/8/17 | 93.83 | 0.00 | 13.83 |
| 8/9/17 - 8/23/17 | 85.58 | 1.33 | 4.25 |
| 8/24/17 - 9/8/17 | 82.08 | 0.00 | 2.08 |
| 10/24/17 - 11/8/17 | 92.42 | 0.00 | 12.42 |
| 11/24/17 - 12/8/17 | 84.75 | 0.00 | 4.75 |
| 1/9/18 - 1/23/18 | 88.42 | 2.58 | 5.84 |
| 4/24/18 - 5/8/18 | 84.24 | 0.00 | 4.24 |
| 5/9/18 - 5/23/18 | 86.75 | 0.00 | 6.75 |
| 5/24/18 - 6/8/18 | 83.75 | 0.00 | 3.75 |
| 6/9/18 - 6/23/18 | 81.17 | 0.00 | 1.17 |
| 7/9/18 - 7/23/18 | 86.25 | 0.00 | 6.25 |
| 7/24/18 - 8/8/18 | 83.17 | 0.00 | 3.17 |
| 8/9/18 - 8/23/18 | 84.92 | 0.00 | 4.92 |
| 8/24/18 - 9/8/18 | 82.08 | 0.00 | 2.08 |
| 10/24/18 - 11/8/18 | 90.17 | 7.25 | 2.92 |
| 12/9/18 - 12/23/18 | 85.00 | 0.17 | 4.83 |

13. Defendant also failed to pay Kulp overtime throughout 2019.

14. Kulp complained about not receiving overtime and was advised by Defendant that she would not be paid overtime if her productivity fell below 82%.

15. Nevertheless, Kulp performed her job duties in an exemplary manner, and routinely received satisfactory and positive performance evaluations. In June 2015 Defendant transferred Kulp to work at Cedarbrook Nursing Home in Bethlehem, PA.

16. In 2018 Defendant hired Jessica Shields ("Shields") to work as its Director of Rehabilitation at its location in Bethlehem, PA. In this capacity, Shields acted as Kulp's manager.

17. As of January 2018, Kulp – who was in 1961 – was 57 years old.

18. Upon becoming Kulp's manager, Shields treated Kulp in a hostile and discriminatory manner on account of Kulp's age.

19. For instance, in or around December 2018 Shields told Kulp that she was walking like an "old lady" and described Kulp's shoes as being "granny shoes."

20. On another occasion, Shields commented upon Kulp's grey hair and told her that she would look better if she colored it.

21. On still another occasion, Shields said to Kulp "shouldn't you be retiring soon?" When Kulp said that she had no plans to retire, Shields reacted with surprise and displeasure.

22. Kulp learned from her coworkers that Shields frequently expressed her desire to "get rid" of Kulp.

23. In February 2019 Shield issued Kulp the first negative performance evaluation of Kulp's career. Notably, this was the first performance evaluation that Kulp received from Shields since Shields became Director of Rehabilitation.

24. On or about July 17, 2019 Kulp was performing her rounds when a charge nurse directed Kulp to not visit a particular patient because the patient was acting unruly and

combative. As directed, Kulp did not visit this patient. Kulp completed her rounds that day without any incident.

25. The following day, Shields directed Kulp to report to her office. Once there, Shields telephoned Defendant's Director of Human Resources Kimberly Witt and placed Witt on the speakerphone. Witt informed Kulp that the patient was hospitalized the previous day after falling out of a wheelchair. Witt accused Kulp of incorrectly placed this patient on a wheelchair cushion during her rounds the previous day. Witt informed Kulp that she was being terminated. Shield then had Kulp escorted out of the building by security.

26. Kulp had no involvement in the events that led to the patient being injured. Kulp never visited this patient on the day that the injury occurred, let alone place the patient into a wheelchair.

27. Accordingly, Defendant's explanation for Kulp's termination was pretext for discriminatory conduct.

28. Defendant terminated Kulp on account of her age.

29. As a direct and proximate result of Defendant's conduct in terminating Eileen Kulp, Plaintiff sustained great economic loss, future lost earning capacity, lost opportunity, loss of future wages, as well emotional distress, humiliation, pain and suffering and other damages as set forth below.

**III. Causes of Action.**

### COUNT I—AGE DISCRIMINATION IN EMPLOYMENT ACT
### 29 U.S.C.A. §621, et seq.

30. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

31. Plaintiff is over forty (40) years of age.

32. Defendant terminated Plaintiff's employment.

33. At all times, Plaintiff was qualified to perform the work for which she was hired by Defendant.

34. Upon information and belief a younger employee was hired to perform Plaintiff's job and/or a younger employee subsumed all of Plaintiff's job duties.

35. As such, Defendant has violated the Age Discrimination in Employment Act, 29 U.S.C.A. §621, et seq.

36. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

37. As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

38. Plaintiff demands attorney fees and court costs.

### COUNT II –FAIR LABOR STANDARDS ACT
### 29 U.S.C. §§ 201, *et seq.*

39. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

40. At all times pertinent to this Complaint, Defendant was an "enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by 29 U.S.C. § 203(s).

41. At all times pertinent to this Complaint, Plaintiff as an employee of Defendant was "engaged in commerce or in the production of goods for commerce" as that term is defined within 29 U.S.C. §207(a).

42. At all times relevant herein, each Defendant was a "employer" of Plaintiff as that term is defined by 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

43. Defendant intentionally employed Plaintiff for workweeks longer than forty hours without compensating Plaintiff at a rate of one and on-half times his regular rate of pay as required by 29 U.S.C. § 207(a).

44. Plaintiff is entitled to unpaid overtime compensation at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours in a workweek, liquidated damages in an equal amount, and his reasonable attorneys' fees and costs incurred in bringing this action pursuant to 29 U.S.C. § 216(b).

## COUNT III – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW
### 43 P.S. § 260.1, *et seq*.

45. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

46. This count sets forth a claim arising pursuant to the PWPCL, 43 P.S. §§ 260.1, *et seq*. The PWPCL requires Defendant to timely pay full wages due to Plaintiff and provides statutory damages for the failure to timely pay all wages due.

47. Defendant is an "employer" as defined by PPWPCL.

48. Defendant willfully failed to pay Plaintiff all amounts of wages earned within the time limits set forth in PWPCL, 43 P.S. §§ 260.1, *et seq*.

49. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PWPCL.

## COUNT IV – PENNSYLVANIA MINIMUM WAGE ACT
### 43 P.S. § 333.101, *et seq*.

50. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

51. Defendant is an employer covered by the PMWA.

52. Pursuant to the PMWA, employees who are not exempt from the overtime provisions of the law are entitled to compensation at the rate of one and one-half times their regular rate for all hours worked over 40 in any work week. *See* 43 P.S. § 333.104.

53. Plaintiff was not an "exempt" employee for purposes of the overtime provisions of the PMWA.

54. The PMWA requires Defendant to timely pay full wages due to Plaintiff.

55. The PMWA provides statutory damages for the failure to timely pay all wages due.

56. Defendant willfully failed to pay Plaintiff all amounts of wages earned, including overtime, within the time limits set forth in the PMWA.

57. Plaintiff is entitled to wages and overtime based on all hours worked pursuant to the PMWA.

58. By failing to timely pay full wages and overtime, Defendant violated Plaintiff's rights protected by the minimum wage and overtime provisions of the PMWA, 43 P.S. § 333.104(a.1) and 43 P.S. § 333.113, and its implementing regulations.

59. As a result of Defendant's violations of the PMWA, Plaintiff is entitled to recover the amount of his unpaid wages, together with costs and reasonable attorneys' fees. PMWA, 43 P.S. §§ 333.113.

**COUNT V – PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 955**

60. Plaintiff incorporates the above paragraphs as if fully set forth at length herein.

61. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,, an employer may not discriminate against an employee based on a disability.

62. At all times, Plaintiff was a qualified employee and person within the definition of Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

63. Defendant is an "employer" and thereby subject to the strictures of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

64. Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her age and constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq,.

65. As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

66. As a result of the conduct of Defendant's management, Plaintiff hereby demands punitive damages.

67. Pursuant to the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq., Plaintiff demands attorneys fees and court costs.

**IV. Relief Requested.**

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendant, in an amount in excess of $150,000.00 together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past lost wages, future lost wages. Lost pay increases, lost pay incentives, lost opportunity, lost

    benefits, lost future earning capacity, injury to reputation, mental and emotional distress, pain and suffering;

B. Require Defendant to prepare a full accounting of all wages paid and due to Plaintiff;

C. Order Defendant to pay Plaintiff all amounts of unpaid wages earned and due to her, pursuant to PWPCL, PMWA, and FSLA ., with such interest as allowed by law;

D. Order Defendant to pay Plaintiff liquidated damages PWPCL, PMWA, and FSLA ., with such interest as allowed by law;

E. Punitive damages;

F. Attorneys fees and costs of suit;

G. Interest, delay damages; and,

H. Any other further relief this Court deems just proper and equitable.

                                           **LAW OFFICES OF ERIC A. SHORE, P.C.**

                                           BY: /s/ Brian M. Doyle  
                                           **BRIAN M. DOYLE, ESQUIRE**  
                                           Two Penn Center  
                                           1500 JFK Boulevard, Suite 1240  
                                           Philadelphia, PA 19110  
Date:    November 25, 2020               Attorney for Plaintiff, Eileen Kulp